IN THE CIRCUIT COURT OF THE
19th JUDICIAL CIRCUIT IN AND
FOR ST. LUCIE COUNTY, FLORIDA

GINA FERRANTE,

        Plaintiff,

vs.

WAL-MART STORES EAST, L.P.

        Defendant.

CASE NO.: **2021CA000620**

/

## COMPLAINT

COMES NOW, Plaintiff, GINA FERRANTE ("FERRANTE" or "Plaintiff"), by and through her undersigned counsel, and sues Defendant, WAL-MART STORES EAST, L.P., a foreign corporation for profit, d/b/a Walmart ("Walmart"), and as grounds would state:

1. This is an action for damages which exceeds the jurisdictional sum of THIRTY-FVE THOUSAND ($35,000.00) DOLLARS.

2. At all material times, Walmart, is a foreign corporation or other business entity duly authorized to do business in the State of Florida and was doing business in Port St. Lucie, St. Lucie County, Florida.

3. Walmart does business as Walmart and owns, controls, or operates a retail store known as a Supercenter, located at 1675 St. Lucie West Blvd., Port St. Lucie, Florida 34986 (**hereinafter referred to as "Walmart"**).

4. At all material times, FERRANTE was and still is a resident of Port St. Lucie, St. Lucie County, Florida.

5. At all material times, FERRANTE was lawfully on the premises as a business

1

invitee of Walmart.

6. At all material times hereto, an as yet unknown store manager, upon information and belief, was the Store's manager, and was a resident of Port St. Lucie, St. Lucie County, Florida, and currently resides in St. Lucie County, in the State of Florida.

## COUNT I
## NEGLIGENCE OF DEFENDANT, WALMART STORES EAST, L.P.

Plaintiff restates and realleges Paragraphs 1 through 6 above as if fully set forth herein and would further state:

7. On or about Wednesday, April 4, 2018, ("04/4/18"), FERRANTE was an invitee on Walmart's premises when she walked to the self-checkout area and slipped and torqued her body to avoid a fall onto the floor, after which she observed spilled milk on the floor by the register to which she approached before she slipped. with her shopping cart in front of her. Shortly before FERRANTE reached the area where she slipped, another Walmart customer was in that same area, and his shopping cart contained milk cartons in it, and a Walmart associate or employee observed the milk that leaked from his shopping cart, but stopped to talk to another Walmart customer and therefore neither walked to that area to block other Walmart shoppers from approach into the area where there wasa milk spill on the floor, nor did that Walmart employee warn other Walmart shoppers about the dangerous slip hazard on the floor of the store. As FERRANTE slipped and torqued her body, she immediately upon doing so, felt horrific pain in her low back, neck and shoulders. She underwent t substantive medical treatment and learned that she was seriously and severely injured with multiple cervical and lumbar disc herniations.

8. At all material times, Walmart owed a non-delegable duty to FERRANTE to exercise reasonable care in the operation, maintenance, and control of its premises, for the safety and welfare of persons lawfully using the premises.

9. At said time and place, Walmart, by and through its agents, servants, and/or employees, breached that non-delegable duty by carelessly and negligently maintaining its premises by allowing the floor of the self-checkout register to which FERRANTE approached to have a large area of spilled milk that a Walmart employee actually saw as the spill occurred but which that Walmart employee ignored, such that it caused a dangerous slip hazard condition to exist on said premises.

10. This condition was created by and/or in the control of the agents, representatives or employees of Walmart.

11. This condition was actually observed by a Walmart employee, therefore Walmart, by and through its agents, representatives or employees knew or should have known that a potentially dangerous slip hazard condition existed.

12. As a result of said negligence of Walmart, FERRANTE was injured severely when she lost her footing, and slipped and violently torqued and contorted her body to avoid a fall onto the floor in the area of the self-check-out register to which she headed and suffered severe bodily injury upon the slippage of her feet and the violent nature of her twists and turns of her body to prevent a fall to the floor.

13. Walmart, prior to the time of the subject incident, was aware that the customer who spilled the milk did so on previous occasions, but never approached and spoke to him about his history of placement of milk cartons into his shopping cart with

spills. Walmart's actions, by and through its management and employees, therefore, foresaw or should have foreseen that such actions would result in the actual incident that occurred and that involved FERRANTE. Thus, Walmart knew, or in the exercise of reasonable care should have known, that the aforementioned policy and practice as concerns the customer whose milk cartons spilled milk onto the floor presented a slip hazard to the store's invitees and employees, including its customer, FERRANTE, and that such hazard could reasonably lead to serious personal injuries if reasonable steps were not taken to avoid the hazard.

14. Walmart, through its agents, employees, staff and/or representatives who were acting in the course and scope of their employment and/or agency with Walmart, breached its duty of care to FERRANTE, and was negligent in one or more of the following ways:

a. failing to keep the self-check-out register area where FERRANTE proceeded to approach free of dangerous slip hazards like the grapes that presented slip hazards on the floor;

b. failing to warn FERRANTE, and/or similarly situated invitees, that the aisle contained a dangerous slip hazard on the floor in the self-check-out area of the store;

c. failing to rope off, place warning signs, or in some other fashion bring to the attention of invitees, inclusive of FERRANTE the existence of the large area of spilled milk on the floor by the self-check-out area to which FERRANTE approached that was slippery on the floor of the store that existed on its premises;

d. creating a dangerous condition and/or failing to remedy a dangerous condition which was known by Walmart, or which in the exercise of reasonable care should have been known by Walmart;

e. failing to adequately train, supervise, advise, and/or control its employees regarding customer safety;

f. failing to follow established floor maintenance policies and procedures

4

    then in existence, operation, and effect at the time of the subject incident

  g. additional acts of negligence not yet discovered.

15. As a direct and proximate result of the negligence of Walmart, FERRANTE was injured in or about her body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical, hospitalization and surgical expenses in the treatment of her injuries, suffered physical handicap, suffered emotional injuries, lost earnings, sustained permanent injuries within a reasonable degree of medical probability, and has lost the capacity for the enjoyment of life.

16. In that the injuries suffered by ALLEN are continuing in nature, she will continue to suffer lost earnings, physical pain, emotional injuries, physical handicap and permanent injury in the future, and will continue to suffer the loss of capacity for the enjoyment of life and, further, will be compelled to expend great sums for medical care and related treatment for those injuries.

WHEREFORE, Plaintiff, GINA FERRANTE, demands Judgment for damages against the Defendant, WAL-MART STORES EAST, L.P., and further demands a trial by jury on all issues triable as a matter of right.

            JEFFREY R. ROLLINS, P.A.
            *Attorney for Plaintiff*
            715 Delaware Avenue
            Fort Pierce, FL 34950
            (772) 242-8603
            (844) 212-1051 Fax
            Email: jeffreyrollins@jrollinsinjurylaw.com

            By: /s/ *Jeffrey R. Rollins*
             Jeffrey R. Rollins, Esquire
             Florida Bar # 0795887